White, J.
We think the District Court was right in reversing the judgment of the Court of Common Plecs, but wrong in rendering judgment for the defendant on the verdict.
The only issues in the case arose on the counter-claim, and the verdict was only required to respond to these issues. These were the only matters the jury were sworn to try. 'No assessment of damages was required to determine the amount due the plaintiffs on the cause of action stated in the petition. That amount had been fixed and was not the subject of controversy.
If no counter-claim had been interposed, the intervention of a jury would have been unnecessary, and judgment would have gone for the plaintiffs for the amount of their demand, as of course. The amount due the plaintiffs was-rendered as certain by the admission, as it could have been by the verdict of a jury.
In assessing damages on the counter-claim, the jury might, subject to the direction of the court, have deducted the amount admitted to be due the plaintiffs; but if they made such deduction, their verdict ought to show it. If the deduction was not made by the jury, it would be done by the court in rendering the judgment.
The judgment of the Common Pleas is based on the supposition that the damages were assessed without reference to the claim of the plaintiffs; while the judgment of the District Court is founded on the contrary assumption that the plaintiffs’ claim had been deducted by the jury in assessing the damages.
In the absence of anything in tne record to indicate the contrary, the presumption would seem to be that damages were assessed on the counter-claim, without reference to the plaintiffs’ demand. The proper course in such a case, it seems to u.s, is to assess damages in the same way on the counter-claim as they would be assessed if the breaches of the contract had been sued for in an independent action. Otherwise, if the damages on the counter-claim should be less than the plaintiffs’ demand, the jury, notwithstanding *635 they might find the issues for the defendant, would assess damages only for the plaintiff.
But, considering the verdict in connection with the charge of the court directing the jury as to the mode of making up their verdict, it is, we think, rendered uncertain whether the jury, in assessing damages on the counterclaim, did or did not deduct the amount of the plaintiffs’ demand.
As already remarked, the amount due the plaintiffs on their cause of action had no necessary connection with the trial of the issues on the eounter-clafin. A perfect verdict as to these issues could have been rendered without reference to the plaintiffs’ admitted demand.
But the court instructed the jury that if they found on the issues joined for the plaintiffs, they should assess the-plaintiffs’ damages at the amount claimed in the petition, and which was admitted to be correct by the defendant and if they found for the defendant, they should ascertain the amount of his damages, and render a verdict accordingly.
Under this general instruction, the jury, having been told that, in the contingency of their finding for the plaintiffs they should assess the plaintiffs’ damages at the amount admitted by the defendant to be due, may well have supposed, in case they found for the defendant, that, in ascertaining his damages, they ought to deduct what he admitted to be due the plaintiffs.
Whether such was the understanding of the jury, or not, it is impossible to tell with certainty.
Instead, therefore, of rendering judgment on the verdict,, it ought to have been set aside, and a new trial awarded.
Leave granted; the judgment of the District Court reversing the judgment of the Court of Common Pleas is affirmed; and the judgment of the District Court rendered on the verdict is reversed, and cause is remanded to the Court of Common Pleas for a new trial.
Welch, C. J., Rex, Gilmore, and MoIlvaine, JJ., concurred.